## W. B. CHENOWITH v. COMMONWEALTH.

[Abstract Kentucky Law Reporter, Vol. 7—827.]

**Election by the Commonwealth.**

In the trial of one charged with arson on March 10, the commonwealth can not be held to have elected to try the defendant on a similar charge of January 14, by merely showing as a circumstance his connection with such acts on the former date.

**Exclusion of Testimony.**

Where in a trial of one charged with arson the court excludes from the consideration of the jury all the testimony as to an effort of the accused to burn a building on a prior date to the one charged, and the defendant is convicted, he can raise no question as to the correctness of the court's ruling.

APPEAL FROM SHELBY CIRCUIT COURT.

May 27, 1886.

OPINION BY JUDGE PRYOR:

If the testimony as to the previous attempt by the appellant to burn the storehouse of Veech is competent to show its subsequent burning by the accused it is a question not necessary to be determined; it appears that the attorney for the commonwealth announced in stating the case to the jury that he should rely on this attempt by the accused to burn the house on January 14, 1885, as one of the links in the chain of circumstances showing that the latter burned the house, causing its total destruction, on March 10, 1885.

No objection was interposed by counsel for the appellant as to the testimony showing the attempt to burn on the 14th of January, but when the attorney for the state offered to introduce proof showing that appellant burned the house, causing its entire destruction, on the 10th of March, counsel for the defense objected to the testimony on the ground that the state having elected to establish the offense committed on the 14th of January should be held to that election, and no evidence could be introduced as to the burning at any subsequent period. The indictment charged the burning to have taken place on the 10th of March, and the notice given by the attorney that he should rely only on the previous attempt to burn as a circumstance connecting the accused with the burning on the

10th of March showed the election by the attorney, and left the counsel for the appellant to object to the testimony if incompetent instead of objecting to any proof showing the guilt of this client at the principal burning. The court below, however, excluded from the consideration of the jury all the testimony as to the effort to burn on the 14th of January, and they found the acused guilty of the burning on the 10th of March. The instructions were unobjectionable and the proof authorized the verdict.

Judgment *affirmed.*

*James W. Head, for appellant.*

*P. W. Hardin, for appellee.*

[Cited, *Herndon v. Commonwealth,* 105 Ky. 197, 48 S. W. 989.]